UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

BERNADETTE BORELLO, *et al.*,

        Plaintiffs,

vs.

NEVADA PROPERTY 1 LLC, *et al.*,

        Defendants.

Case No. 2:14–cv–1046–RFB–VCF

**ORDER**

MOTION TO COMPEL (#28)
SUPPLEMENTAL DISCLOSURES (#30)

      This matter involves Bernadette Borello's negligence action against, *inter alia*, the Cosmopolitan of Las Vegas. *See* (Compl. #1 at ¶ 9).[1] Before the court is Ms. Borello's Motion to Compel and Request for Sanctions (#28). Defendants opposed (#29) and Ms. Borello replied (#31). Also before the court are Defendants' Supplemental Disclosures (#30). For the reasons stated below, Ms. Motion to Compel and Request for Sanctions is denied as moot and Defendants' Supplemental Disclosures are stricken.

**I.    Ms. Borello's Motion to Compel is Denied**

      Ms. Borello moves to compel the Cosmopolitan to produce documents and verified interrogatory answers. *See* (Doc. #28 at 5:9–10). The Cosmopolitan produced the requested information after Ms. Borello filed her motion, leaving "no outstanding discovery" requests. (Doc. #29 at 7:7). Nonetheless, Ms. Borello contends in her reply that the Cosmopolitan's production is insufficient. *See* (Doc. #31 at 2:8).

---

[1] Parenthetical citations refer to the court's docket.

1

Ms. Borello's Motion to Compel is denied for three reasons. First, the Cosmopolitan's untimely production mooted the single issue raised by the motion: the Cosmopolitan's failure to produce documents and verified interrogatory answers. *See* (Doc. #28 at 5:9–10); se*e also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000) (stating that mootness is a prudential doctrine that limits the court's review to live disputes).

Second, Ms. Borello's argument that the Cosmopolitan's production is insufficient is waived with regard to this Motion to Compel (#28). The issue was raised for the first time in reply, which deprived the Cosmopolitan of an opportunity to respond. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Third, the court declines Ms. Borello's request for sanctions because the circumstances underlying the delay (i.e., defense counsel's illness and staffing change) do not warrant the imposition of sanctions. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (stating that the district court has wide latitude in using its discretion to impose discovery sanctions).

## II. Defendants' Supplemental Disclosures are Stricken

This brings the court to Defendants' Supplemental Disclosures (#30). Local Rule 26-8 states, "[u]nless otherwise ordered by the Court, written discovery, including responses thereto, and deposition transcripts, shall not be filed with the Court." On April 8, 2015, Defendants filed their Supplemental Disclosures with the court. This was unnecessary and clutters the court's docket. The Supplemental Disclosures are, therefore, stricken. *See Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988) (discussing the court's inherent power to strike documents).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Ms. Borello's Motion to Compel and Request for Sanctions (#28) is DENIED.

IT IS FURTHER ORDERED that Defendants' Supplemental Disclosures (#30) are STRICKEN.

IT IS SO ORDERED.

DATED this 15th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE