UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BERNADETTE BORELLO and RICHARD BORELLO,<br><br>Plaintiffs,<br><br>v.<br><br>NEVADA PROPERTY 1 LLC, *et al.*,<br><br>Defendants. | Case No. 2:14-cv-01046-RFB-VCF<br><br>**ORDER** |

This matter is before the Court on Plaintiffs Bernadete Borello and Richard Borello's (hereinafter "the Borellos") Motion for Leave to Amend Complaint. (ECF No. 22). In their motion, the Borellos request leave to file an Amended Complaint that names two additional parties, Skins 62 and Dolov Shlomovitz, as Defendants in this action. For the reasons stated below, the Borellos' motion is granted.

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. However, once a scheduling order has been entered pursuant to Rule 16 and the deadline to amend pleadings has passed, the district court is to apply the standards of that Rule rather than those of Rule 15. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Under Rule 16, a plaintiff "must show good cause for not having amended [her complaint] before the time specified in the scheduling order expired. This standard primarily considers the diligence of the party seeking the amendment." Id. at 1294 (citation and internal quotation marks omitted). Rule 16's "good cause" standard is more stringent than the liberal amendment procedure offered under Rule 15. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006). If the party seeking amendment could not reasonably do so within the deadline set by the

1  scheduling order, the district court may modify the deadline and permit amendment. Johnson v.
2  Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

3  The deadline to amend pleadings in this case was November 6, 2014, and the Borellos
4  filed their motion on January 23, 2015. Order on Stipulation, Dec. 8, 2014, (ECF No. 21); Mot.
5  for Leave to File Am. Compl., (ECF No. 22). Therefore, the Borellos must demonstrate that
6  good cause exists to allow amendment.

7  The Court finds that the Borellos have demonstrated good cause here. In their motion, the
8  Borellos state that they did not name Skins 62 and Dolov Shlomovitz in their original Complaint
9  because their identities were not known at the time the Complaint was filed. The Borellos claim
10 they did not know the new Defendants' names until Defendant Nevada Property 1, LLC d/b/a
11 Cosmopolitan of Las Vegas ("Cosmopolitan") produced an incident report in its initial
12 disclosures containing their names. The record indicates that these initial disclosures were made
13 by Cosmopolitan on December 4, 2014—after the deadline to amend pleadings had expired.
14 Order on Stipulation at 2, (ECF No. 21). Cosmopolitan does not dispute these facts, nor does it
15 argue that the Borellos could reasonably have known the identities of Skins 62 or Shlomovitz
16 prior to the expiration of the deadline to amend. In addition, the Borellos clearly stated in their
17 original Complaint that they did not know the identities of certain parties that were involved in
18 their claims, and requested leave to amend their Complaint "to insert the true names and
19 capacities of said Defendants . . . when the same have been ascertained by Plaintiffs together
20 with the appropriate charging allegations." Compl. ¶ 4. Therefore, the Court finds that the
21 Borellos have demonstrated that they were diligent in seeking leave to amend their Complaint.

22 Although the Court is not required to analyze whether the proposed amendment would be
23 granted under Rule 15's standards in addition to that of Rule 16, the Court also finds that
24 amendment would be granted under that more liberal standard. See AmerisourceBergen, 465
25 F.3d at 957 ("Absent prejudice, or a strong showing of the other factors, such as undue delay,
26 bad faith, or dilatory motive, there exists a *presumption* under Rule 15(a) in favor of granting
27 leave to amend.") (emphasis in original) (internal quotation marks omitted). Importantly,
28 Cosmopolitan does not attempt to argue that it would be prejudiced by amendment, and the

- 2 -

1  Court's analysis under Rule 16 demonstrates that the Borellos did not unduly delay or act in bad
2  faith.
3      Cosmopolitan's opposition focuses solely on the argument that leave to amend would be
4  futile because Skins 62 is an independent contractor and not an agent of Cosmopolitan,
5  Shlomovitz is a Skins 62 employee, and the alleged tortious event took place in a public corridor
6  owned and controlled by Cosmopolitan. The Court disagrees and finds that amendment would
7  not be futile. Cosmopolitan has not demonstrated that there is no set of facts under which Skins
8  62 or Shlomovitz could have acted negligently toward the Borellos, regardless of the fact that
9  they may not have had the general responsibility to maintain the corridor.
10     For these reasons,
11     **IT IS ORDERED** that Plaintiffs Bernadette Borello and Richard Borello's Motion for
12 Leave to Amend Complaint (ECF No. 22) is GRANTED. Plaintiffs shall have **14 days** from the
13 date of entry of this Order to file the Amended Complaint.

15     DATED: September 3, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**